KENNETH P. ROBERTS (SBN 74955)
MICHAEL B. SMITH (SBN 136762)
RYAN P. TISH (SBN 274284)
KEVIN Y. KANOONI (SBN 292707)
KENNETH P. ROBERTS,
A PROFESSIONAL LAW CORPORATION
6355 Topanga Canyon Boulevard, Suite 403
Woodland Hills, CA 91367
Telephone: (818) 888-3553

Attorneys for Plaintiffs Amin Salkhi, Banafsheh S. Salkhi, Ali Salkhi, Souri Salkhi, Arash Salkhi, and Ajang Salkhi

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIN SALKHI, an individual, BANAFSHEH S. SALKHI, an individual, ALI SALKHI, an individual, SOURI SALKHI, an individual, ARASH SALKHI, an individual, AJANG SALKHI, an individual, and. <br><br> Plaintiff, <br><br> v. <br><br> BP WEST COAST PRODUCTS LLC, a Delaware limited liability company, , <br><br> Defendant. | Case No.: <br><br> Assigned to: <br><br> **COMPLAINT FOR:** <br><br> 1. **QUIET TITLE;** <br> 2. **DECLARATORY RELIEF** |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Plaintiffs Amin Salkhi, Banafsheh S. Salkhi, Ali Salkhi, Souri Salkhi, Arash Salkhi, and Ajang Salkhi (collectively "Plaintiffs") allege as follows:

## PARTIES TO THE COMPLAINT

1. Plaintiff Amin Salkhi is, and at all times mentioned herein was, a resident of Contra Costa County, California.

2. Plaintiff Banafsheh S. Salkhi is, and at all times mentioned herein was, a resident of Contra Costa County, California.

3. Plaintiff Ali Salkhi is, and at all times mentioned herein was, a resident of Marin County, California.

4. Plaintiff Souri Salkhi is, and at all times mentioned herein was, a resident of Marin County, California.

5. Plaintiff Arash Salkhi is, and at all times mentioned herein was, a resident of Marin County, California.

6. Plaintiff Ajang Salkhi is, and at all times mentioned herein was, a resident of Marin County, California.

7. Plaintiffs are informed and believe and thereon allege that Defendant BP West Coast Products, LLC ("BPWCP") is a registered Delaware limited liability company having a principle place of business in La Palma, California and Warrenville, Illinois. Plaintiffs are informed and believe and thereon allege that BPWCP sells petroleum products to retailers in California under the trademark "ARCO", and is within the jurisdiction of this Court.

## JURISDICTION AND VENUE

8. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as this matter is between citizens of different states and the amount in controversy exceeds the value of $75,000.

9. Venue is proper in the United States District Court for the Northern District of California because the claims herein arise out of acts and/or omissions occurring in the Counties of Alameda and Santa Clara and relate to real property located in the Counties of Alameda and Santa Clara.

## GENERAL ALLEGATIONS

10. This lawsuit concerns two real properties. Plaintiffs seek to quiet title and for related declaratory relief as more fully discussed below as against BPWCP, including any successor in interest or assignee of BPWCP, if any, of whom Plaintiffs are not currently aware ("Defendant").Plaintiffs Ali Salkhi and Souri Salkhi, Amin Salkhi and Banafsheh Salkhi, Arash Slkhi, and Ajang Salkhi ("Oakland Owners") are joint tenant owners of a property commonly known as 9800 International Boulevard, Oakland, CA 94603 ("Oakland Property"), and more particularly describes as follows:

> Lots 1, 2, and 3, in Block 4, as said lot and block are shown on the map entitled "Map of the Warner Tract, Brooklyn Township, Alameda Co., 1871", filed October 12, 1891 in Liber 17, of maps, page 1, in the Office of the County Recorder of Alameda County.
>
> Excepting therefrom that portion as granted in the deed to the City of Oakland, a municipal corporation dated May 4, 1990, recorded June 4, 1990 as Instrument No. 90-151802, Official Records.
>
> A.P. No.: 046-5425-014-03"

Plaintiffs Amin Salkhi and Banafsheh S. Salkhi ("Los Altos Owners") are joint tenant owners of a property commonly known as 988 N. San Antonio Road, Los Altos, CA 94022 ("Los Altos Property"), and more particularly described as follows:

> "Beginning at a point in the Southerly line of Loucks Avenue, distant thereon South 89° 34′ 47,″ East 618.23 feet to the point of intersection thereof with the Easterly line of Lot 1, as said Avenue and Lot are shown upon that certain Map entitled, "Tract No. 577 Loucks Manor Unit 1", which Map was filed for record in the Office of the Recorder of the County of Santa Clara, State of California on June 20, 1949, in Book 24, Page 8, of Maps; thence from said point of beginning South 89° 34′

47′′ East along said Southerly line of Loucks Avenue for a distance of 110.07 feet; thence Southerly along an arc of a curve to the right, tangent to the preceding course, with a radius of 20.00 feet, through a central angle of 89° 49′ 47′′, for an arc distance of 31.36 feet to a point in a line which is parallel with and distant Westerly 30.00 feet at right angles from the Westerly line of San Antonio Road (40.00 feet in width); thence South 0° 15′ 00′′ West along said parallel line 105.06 feet; thence North 89° 34′ 47′′ West and parallel with the said Southerly line of Loucks Avenue for a distance of 130.37 feet; thence at right angles North 0° 25′ 13′′ East 125.00 feet to the point of beginning, and being a portion of Section 19, Township 6 South, Range 2 West, M.D.B. & M.

Excepting therefrom that portion of said land deeded to the City of Los Altos, a Municipal corporation, in Book 6554, Page 185 and described as follows:

Beginning at a point on the Southerly line of Loucks Avenue distant 728.30 feet from the Easterly line of Lot 1 as said Southerly line of Loucks Avenue and Easterly line of Lot 1 are shown on the Map entitled "Tract No. 577, Loucks Manor-Unit 1", which Map was filed for record in the Office of the Recorder of the County of Santa Clara, State of California, on June 20, 1949, in Book 24, Page 8, of Maps;

Thence from said point of beginning Easterly and Southerly on the arc of a curve to the right, said curve having a radius of 20.00 feet, a central angle of 89° 49′ 47′′, and being tangent to said Southerly line of Loucks Avenue at the point of beginning, a distant of 31.36 feet to a point;

Thence parallel with the Westerly line of san Antonio Road (40 feet wide) South 0° 15′ West 105.06 feet to a point on the Easterly prolongation of the most Southerly line of said Tract No. 577;

Thence along said Easterly prolongation and parallel to said Southerly line of Loucks Avenue North 89° 34′ 47″ West 15 feet;

Thence parallel with said Westerly line of San Antonio Road North 0° 15′ East 105.06 feet to a point; thence Northerly and Westerly on the arc of a curve to the left, said curve having a radius of 20.00 feet, a central angle of 89° 49′ 47″ and being tangent to the last-mentioned course at the last mentioned point, a distant of 31.36 feet to said Southerly line of Loucks Avenue;

Thence South 89° 39′ 47″ east along said Southerly line 15 feet to the point of beginning, being a portion of Section 19, T. 6S. R. 2W., M.D.B. & M. and comprising 1875 square feet, more or less.

Assessor's Parcel Number: 167-16-045"

11. The Los Altos Property Owners and the Oakland Property Owners may also be referred to collectively as the "Property Owners."

12. Prior to the purchase of the Los Altos Property and Oakland Property by the Property Owners, both properties were improved with a retail motor fuel station and related convenience store. Both the Los Altos Property and Oakland Property were operating under the "ARCO" brand of motor fuel and "am/pm" brand for the convenience store pursuant to agreements with BP. The operator of the business at the Los Altos Property and Oakland Property was Grand Petroleum, Inc. ("Grand Petroleum"), both prior to and after the sale of the properties to the Property Owners.

13. On or about June 29, 2009, BPWCP entered into a Contract Dealer Gasoline Agreement and am/pm PMPA Franchise Agreement (collectively referred to as "Los Altos Franchise Agreements") with Grand Petroleum, whereby Grand Petroleum agreed to operate a retail facility selling "ARCO" branded gasoline to end users at the Los Altos Property.

14. On or about August 6, 2009, BPWCP sold, transferred and conveyed the Los Altos Property to the Los Altos Owners pursuant to a Grant Deed recorded on August 6, 2009 with the Santa Clara County Recorder as Document Number 20389198. A true and correct copy of the Los Altos Property Grant Deed is attached hereto as Exhibit "A" and incorporated by this reference.

15. On or about October 6, 2009, BPWCP entered into a Contract Dealer Gasoline Agreement and am/pm PMPA Franchise Agreement (collectively referred to as "Oakland Franchise Agreements") with Grand Petroleum whereby Grand Petroleum agreed to operate a retail facility selling "ARCO" branded gasoline to end users at the Oakland Property.

16. On or about October 8, 2009, BPWCP sold, transferred and conveyed the Oakland Property to the Oakland Owners pursuant to a Grant Deed recorded on October 8, 2009 with the Official Records of Alameda County as Instrument Number 2009318704. A true and correct copy of the Oakland Property Grant Deed is attached hereto as Exhibit "B" and incorporated by this reference.[1]

17. Pursuant to the Los Altos Franchise Agreements and Oakland Franchise Agreements, Grand Petroleum agreed to operate the retail facility stations and sell "ARCO" branded fuel for a term of twenty (20) years through and including June 29, 2029 at the Los Altos Property and October 31, 2029 at the Oakland Property.

18. The Grant Deeds conveying property to the Los Altos and Oakland owners, each contained a prohibition on use of the properties in competition to the ARCO brand of motor gasoline. More specifically, the owners were restricted from use of the property as (i) a convenience food store other than a convenience food store operated under a franchise or other agreement with BP, (ii) a fast food takeout restaurant, or (iii) facility selling motor fuel other than a facility selling motor fuel under a supply or other agreement with BP. The Grant Deeds called for

---

[1] Nooshin Salkhi has relinquished all rights of ownership and is no longer an owner of the Oakland Property.

the use restrictions to survive the early termination of the respective Franchise Agreements and remain in effect for the full term of the Franchise Agreements. The franchise agreements run through June 29, 2029 and October 31, 2029 and accordingly, even should the franchise of the dealer be terminated by either franchisor or the dealer, the use restriction continues.

19. The Property Owners entered into a lease agreement with Grand Petroleum, leasing the Los Altos and Oakland Properties and all improvements thereon on or about August 6, 2009 and October 8, 2009 respectively. Grand Petroleum and the Property Owners agreed to a term of lease of 20 years for the properties.

20. The Property Owners are informed and believe that Grand Petroleum seeks to terminate its Los Altos and Oakland Franchise Agreements. The Property Owners are informed and believe that BPWCP has threatened termination of the Franchise Agreements with Grand Petroleum.

21. The Property Owners are informed and believe that BPWCP will refuse to release the use restriction and that the property, in the event of termination would be used for the sale of motor gasoline and operation of a convenience market that competes with BPWCP.

22. The use restrictions are in fact covenants against competition that prohibit the use of the Los Altos Property and Oakland Property as a gas station and convenience market under competitive brands or a fast food takeout restaurant. Covenants against competition are violative of public policy in California and are void pursuant to California Business and Professions Code section 16600.[2]

23. The use restrictions create a cloud on title to the respective properties as the restrictions are unlawful under California law and public policy. Further, the

---

[2] California Business and Professions Code section 16600 provides: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

use restrictions have jeopardized and interfered with the Plaintiffs' ability to lease to tenants that would operate under brands other than those authorized by BPWCP.

24.     Based on the foregoing, an actual controversy has now arisen and exists between Plaintiffs and Defendant regarding the parties' respective rights and obligations as it relates to the Los Altos Property and Oakland Property, forcing Plaintiffs to bring this action. Defendant's refusal to waive the use restrictions is an unlawful restriction on trade, violative of California law and public policy. Defendant's unlawful use restrictions have created a cloud on title and Defendant has refused to waive the use restrictions to clear title and allow for the lawful pursuit of businesses and trade by Plaintiffs at the Los Altos Property and Oakland Property.

## FIRST CAUSE OF ACTION
## FOR QUIET TITLE
### (Against the Defendant)

25.     Plaintiffs hereby incorporate all of the allegations contained in Paragraphs 1 through 26 above as though set forth in full herein.

26.     Los Altos Owners are the equitable owners of one-hundred percent (100%) of the fee simple interest in the Los Altos Property as a result of the conveyance of a Grant Deed from Defendant.

27.     Oakland Owners are the equitable owners of one-hundred percent (100%) of the fee simple interest in the Oakland Property as a result of the conveyance of a Grant Deed from Defendant.

28.     Presently there exists a cloud on title to the Los Altos Property and Oakland Property as it relates to the use restrictions contained in the Los Altos Property and Oakland Property Grant Deeds.

29. Despite Plaintiffs' efforts seeking a waiver of said use restrictions, Defendant's refusal to release the use restrictions creates a cloud on title due to the illegality of the use restrictions as it relates to covenants restricting competition.

30. Defendant's refusal to release said use restrictions are done so without any right.

31. Plaintiffs seek to quiet title as it relates to the Los Altos Property and Oakland Property in Plaintiffs' favor.

32. As a result of the foregoing, the Plaintiffs are entitled to the relief prayed for below.

## SECOND CAUSE OF ACTION
## FOR DECLARATORY RELIEF
### (Against the Defendant)

33. Plaintiffs hereby incorporate all of the allegations contained in Paragraphs 1 through 34 above as though set forth in full herein.

34. As articulated in Paragraphs 1 through 34, supra, an actual controversy has arisen between Plaintiffs and Defendant regarding their rights and obligations under the Grant Deeds for the Los Altos Property and Oakland Property. Both the Los Altos Property and Oakland Property Grant Deeds contain use restrictions prohibiting the Plaintiff Owners from use of the property as (i) a convenience food store other than a convenience food store operated under a franchise or other agreement with BPWCP, (ii) a fast food takeout restaurant, or (iii) facility selling motor fuel other than a facility selling motor fuel under a supply or other agreement with BPWCP. These use restrictions amount to covenants restraining competition and are violative of California law.

35. Plaintiffs are informed and believe, and upon that basis allege, that (a) the use restrictions in the Grant Deed are void and voidable, (b) the use restrictions

provisions must be severed or cancelled from the Grant Deeds, and (c) that the use restrictions are generally unenforceable as violative of California law.

36. Plaintiffs are informed and believe that Defendant refuses to waive the use restrictions in order to prohibit any competition against themselves should a termination occur.

37. Plaintiffs will be irreparably harmed as owners of the Los Altos Property and Oakland Property should Defendant be allowed to enforce the use restrictions as it will prohibit Plaintiffs from engaging in a lawful business and trade related to the sale of retail fuel with brands in competition with BPWCP.

38. Accordingly, Plaintiffs pray for a declaratory judgment that the aforementioned use restrictions are deemed void and unenforceable as unlawful covenants against competition. Plaintiffs further pray that the use restrictions are severed or cancelled from the Los Altos Property and Oakland Property Grant Deeds so as to clear title.

39.

## PRAYER

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant BPWCP:

1. On the First Cause of Action: for a judicial decree that the use restrictions are unenforceable, invalid and void and for a judicial decree quieting title to the Los Altos Property and Oakland Property in Plaintiffs' favor.

2. On the Second Cause of Action: for a declaratory judgment that Defendant cannot enforce the use restrictions contained in the Los Altos Property and Oakland Property as the use restrictions are covenants against competition in violation of California law, for a declaratory judgment that the use restrictions be cancelled or severed from the Los Altos Property and Oakland Property Grant Deeds so as to clear title;

3. On all causes of action: prejudgment interest, costs and reasonable attorneys' fees; and,

4. For such other relief as this Court deems just and proper.

Dated: May 1, 2018

KENNETH P. ROBERTS,
A PROFESSIONAL LAW CORPORATION

By: _____
KENNETH P. ROBERTS,
KEVIN Y. KANOONI
Attorneys for Plaintiffs Amin Salkhi, Banafsheh S. Salkhi, Ali Salkhi, Souri Salkhi, Arash Salkhi, Ajang Salkhi