# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AMIN SALKHI, ET AL.,**<br>Plaintiffs**,**<br>vs.<br>**B.P. WEST COAST PRODUCTS LLC,**<br>Defendant**.** | CASE NO. 18-cv-02676-YGR<br><br>**ORDER DENYING PLAINTIFFS' MOTION AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. Nos. 46, 48, 52 |

Plaintiffs Amin Salkhi, Banafsheh S. Salkhi, Ali Salkhi, Souri Salkhi, and Ajang Salkhi bring this action for quiet title and declaratory relief against defendant BP West Coast Products, LLC ("BPWCP" or "BP").[1] (Dkt. No. 1 ("Compl.").) Specifically, plaintiffs are joint tenant owners of two gas station properties, upon which defendant has executed a use restriction, which it now refuses to release. (*Id.* ¶¶ 10-21.) Plaintiffs contend that this use restriction violates and is therefore void pursuant to California Business and Professions Code Section 16600. (*Id.* ¶ 22.)

Now before the Court are parties' cross-motions for summary judgment (Dkt. No. 48 ("Salkhi MSJ"); Dkt. No. 52 ("BP Cross-MSJ")). Having considered the papers, including parties' supplemental breifs,[2] as well as arguments by counsel on June 25, 2019, the Court **DENIES** plaintiffs' motion for summary judgment and **GRANTS** defendant's cross-motion for the same.[3]

---

[1] Former plaintiff Arash Salkhi was dismissed without prejudice pursuant to stipulation on March 15, 2019. (Dkt. No. 44.)

[2] In connection with their supplemental memorandum, plaintiffs request that the Court take judicial notice of eight filings in *S.A. Mission Corp. v. BP West Coast Products, LLC*, Case No. 18-cv-03456-WHA (N.D. Cal.), including the verified complaint, answer, and motions for preliminary injunction and to dismiss as well as oppositions thereto and replies in support thereof. (Dkt. No. 64-1 ("RJN").) The Court finds that judicial notice of filings by parties in another case is not appropriate and therefore **DENIES** plaintiffs' request.

[3] Because the Court resolves these motions without the report of defendant's expert Kevin Autin, the Court **DENIES AS MOOT** plaintiff's motion to strike the report and exclude his testimony (Dkt. No. 46.)

## I. BACKGROUND

Given the limited nature of the motions currently pending before the Court, the only relevant undisputed fact is that the restrictions at issue are ones governing land use. (*See* Salkhi MSJ at 8; BP Cross-MSJ at 8.)

Nonetheless, by way of background, the Court notes that the following facts are also undisputed. In 2009, plaintiffs purchased from BPWCP the real estate for two gas stations. (Salkhi MSJ at 7; BP Cross-MSJ at 8-9.) In connection with those purchases, and in addition to franchise agreements with BPWCP, plaintiffs and BPWCP entered into grand deeds conveying the properties to plaintiffs as well as "Sealed-Bid Real Estate Sales Agreements" which contained a provision that the grant deeds transferring the properties would contain use restrictions or brand covenants. (Salkhi MSJ at 7-8; BP Cross-MSJ at 8-9.) The grant deeds restricted the owners from using the property, following a termination of the franchise agreements, as a (i) convenience store other than a convenience food store operated under a franchise or other agreement with BPWCP; (ii) fast food take our restaurant; or (iii) facility selling motor fuel other than a facility selling motor fuel under a supply or other agreement with BPWCP. (*Id.*)

## II. LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Factual disputes are only "genuine" if the evidence could cause a reasonable jury to reach a verdict for the other party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The movant can meet its burden by "showing . . . there is an absence of evidence to support the nonmoving party's case." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (citation and quotation omitted). Once the movant meets its burden of showing the absence of genuine issues of material fact that burden shifts to the nonmoving party, who must demonstrate the existence of a material issue of fact. *Mahdavi v. C.I.A.*, 898 F.2d 156 (9th Cir. 1990) (citations omitted).

A party opposing summary judgment must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Turner v. Brown*, 961 F.2d 217 (9th

2

Cir. 1992) (citations omitted). The opposition party "cannot rest on the allegations in his pleadings to overcome a motion for summary judgment." *Id.* The plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Inudus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### III. ANALYSIS

Plaintiffs' complaint contains two causes of action – quite title and declaratory relief – both of which hinge on plaintiffs' assertion that the land use and operating restrictions in the relevant grant deeds are illegal and therefore voidable and unenforceable under California law. (*See* Salkhi MSJ at 10; BP Cross-MSJ at 11.) Each are grounded on the premise that the restrictions constitute covenants against competition and are therefore violative of public policy in California and void pursuant to Section 16600. (*Id*.) Section 16600 states "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. Prof. Code § 16600.[4] Section 16600 states "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. Prof. Code § 16600.[5] The *only* question presented by parties' cross-motions is whether the restrictions at issue violate Section 16600 as a matter of law.

For the proposition that Section 16600 does apply to restrictions on land use plaintiffs' motion relies heavily, and almost exclusively, on California Supreme Court case *Edwards v. Arthur Andersen, LLP*, 44 Cal.4th 937 (2008).[6] Plaintiffs contend that *Edwards* stands for the

---

[4] Subsequent secretions of the code provide for exceptions to this blanket prohibition, including for sale or dissolution of corporations (Section 16601), dissolution or disassociation of partnerships (Section 16602), and sale or dissolution of limited liability companies (Section 16602.5). However, none of those exceptions apply or are at issue here.

[5] Subsequent sections of the code provide for exceptions to this blanket prohibition, including for sale or dissolution of corporations (Section 16601), dissolution or disassociation of partnerships (Section 16602), and sale or dissolution of limited liability companies (Section 16602.5). None of those exceptions apply or are at issue here.

[6] *See* Salkhi MSJ at 15-19 (dedicating five of six pages of analysis to argument centered around the *Edwards* decision).

3

broad proposition that "any restriction or restraint that restrains competition is void." (*Id.* at 18.) The Court disagrees. The *Edwards* court specifically limited its holding to the context of employee noncompete agreements. *Edwards*, 44 Cal.4th at 942 ("We conclude that section 16600 prohibits employee noncompetition agreements[.]"). Plaintiffs fail to provide, and the Court cannot find, any authority for applying Section 16600, to restrictions *on land use* specifically. Moreover, *Edwards* distinguished the employee agreement at issue there from a case factually quite similar to the restrictions at issue here – *Boughton v. Socony Mobil Oil Co. Id.* at 949 (citing *Boughton*, 231 Cal. App.2d 188 (1964)).

In *Boughton*, upon which BPWCP relies, the "[p]laintiffs, owners of a parcel of real property, sued to have the court declare a restriction prohibiting the dispensing of petroleum products thereon to be invalid and unenforceable." *Id.* at 190. With respect to Section 16600, the court "conclude[d] that the restriction in the deed [did] not fall within the purview of the statute" because "[t]he single restriction is imposed, not personally on plaintiffs restraining them from engaging or carrying on any profession, trade or business but, *on the use of the land* upon which they as grantees are barred merely from selling petroleum products, and then only for a limited period of time." *Id*. (emphasis supplied). *Edwards* confirmed this analysis, finding that "[i]n *Boughton*, the restriction was not upon the plaintiff's practice of a profession or trade, but took the form of a covenant in a deed to a parcel of land that specified the land could not be used as a gasoline service station for a specified period of time." *Edwards*, 44 Cal.4th at 949. The court further concluded that "[b]ecause the case involved the use of land, section 16600 was not implicated."[7] *Id.*

---

[7] For this reason plaintiffs' attempt to distinguish *Boughton* fails. Plaintiffs aver that the reason *Boughton* did not implicate Section 16600 is that "[i]n *Boughton*, there was no purpose or intent stated to prevent competition and competitive sales at the site[,]" whereas "[i]n the present matter, the use restrictions was [sic] . . . to be designed to prevent competitive sales of gasoline at the station." (Salkhi MSJ at 18.) Plaintiffs later explain that *Boughton* did not involve a restraint on competition because the use restriction at issue therein "prohibited the sale or petroleum products of *any and all brands* from the property." (Dkt. No. 54 ("Salkhi Opp. & Reply") at 6 (emphasis in original).) Moreover, this characterization ignores the explanation in *Boughton* itself that the restriction at bar was "factually distinct from" a case in which Section 16600 applied because in *Boughton*, "plaintiffs [were] not prohibited from carrying on the lawful business of

4

1    Plaintiffs next focus on the claim that the *Edwards* court disapproved of *Boughton*. This
2    argument fails. *Edwards* disapproval of *Boughton* was limited "to the extent that [it was]
3    inconsistent with" *Edwards*' analysis in determining that there is no narrow-restraint exception to
4    Section 16600. *See Edwards*, 44 Cal.4th at 959 n. 5. Within the same notation, the *Edwards* court
5    made clear that it did not believe *Boughton* "provide[d] any guidance on the issue of
6    noncompetition agreements, largely because [it did not] involve[] noncompetition agreements in
7    the employment context." *Id.* As plaintiffs concede in their supplemental filing, "*Boughton* based
8    its holding on two reasons. First, the court stated that, [t]he single restriction is imposed, not
9    personally on plaintiffs restraining them from engaging or carrying any profession, trade or
10   business, but on the use of land . . . . Second, the court stated that, [m]oreover, under this
11   restriction the grantees are not prevented from dispensing petroleum products and operating a
12   service station at any time at any other place and there directly competing with defendant. The
13   Court in *Edwards*, [citation omitted], however *only disapproved of the second rationale* . . . . The
14   court did not express disapproval of the rational stated in *Boughton*, [citation omitted], that . . .
15   [S]ection 16600 does not generally apply to bar a restriction imposed on the use of real property."
16   (Dkt. No. 64 ("Salkhi Suppl.") at 5-6 (quoting *Barmas, Inc. v. Segal*, No. B222129, 2011 WL
17   3241582, at *12 (CA Court of Appeal July 29, 2011) (not officially published)).)

The other cases upon which plaintiffs rely also fail to persuade.[8] Plaintiffs' supplemental

---

selling petroleum products or operating a service station but, as grantees of this particular piece of property, they are barred merely from doing so on those premises and then only for a limited time." *Boughton*, 231 Cal.App.2d at 192-93.

[8] *See* Salkhi MSJ (citing *Bosley Medical Group v. Abramson*, 161 Cal.App.3d 284 (1984) (holding that a noncompetition agreement between a doctor and a medical group was void under Section 16600); *Advanced Bionics Corp. v. Medtronic, Inc.*, 29 Cal.4th 697 (2002) (noting that California has a strong interest in protecting its employees from noncompetition agreements under Section 16600); *Pacific Warf etc. Co. v. Dredging Co.*, 184 Cal. 21 (1920) (does not address Section 16600 at all); *Hill Medical Corp. v. Wycoff*, 86 Cal.App.4th 895, 900 (2001) (holding that noncompete covenant in a shareholder agreement between a shareholder-employee and a professional corporation was void under Section 16600); *AMN Healthcare Inc. v. Aya Healthcare Services, Inc.*, 28 Cal.App.5th 923 (2018) (holding that provision of confidentiality and non-disclosure agreement that prevented employees from directly or indirectly soliciting any employee of employer to leave service of the employer was void under Section 16600); *Golden v. California Emergency Physicians Medical Group*, 896 F.3d 1018 (9th Cir. 2018) (holding that a portion of a

5

briefing does provide authority to suggest that Section 16600 is not limited to non-compete covenants between employees and employers. (*See* Sakhi Suppl. (citing *Golden*, 782 F.3d at 1090 (noting that "[t]he statute does not specifically target covenants not to compete between employees and their employers"); *Scott v. Snelling and Snelling, Inc.*, 732 F.Supp. 1034, 1042 (N.D. Cal. 1990) (noting that Section 16600 "should be interpreted as broadly as its language reads"); *Richmond Technologies v. Aumtech Business Solutions*, No. 11-cv-02460-LHK, 2011 WL 2607158, *17 (N.D. Cal. July 1, 2011) (finding that the "*Edwards* Court did not suggest that Section 16600 applies only in the narrow context of an employer-employee relationship" and "[n]or do the other cases cited by [p]laintiff suggest such a rule")). However, none of these cases provide authority for plaintiff's assertion that Section 16600 applies to land use restrictions. *See Golden*, 896 F.3d at 1089-93 (holding that a portion of a settlement agreement between a former employee and employer that prohibited the former employee from working at facilities owned by or contracting with the employer violated Section 16600); *Scott*, 732 F.Supp. at 1042 (holding that a covenant within a franchise agreement not to compete with another franchisee in the former franchise area for two years after termination violates Section 16600); *Richmond Technologies*, 2011 WL 2607158, * (holding that the non-solicitation and non-interference provisions of a non-disclosure agreement between two companies are likely to be found unenforceable under Section 16600)).[9] Moreover, the California Court of Appeal recently declined to extend the holding from

---

settlement agreement between a former employee and employer that prohibited the former employee from working at facilities owned by the employer violated Section 16600)).

*See also* Salkhi Opp. & Reply (citing *Vulcan Powder Co. v. California Vigorit Powder Co.*, 31 P. 583 (Cal. 1892) (this case is a one-sentence per curiam opinion; plaintiffs may have intended to cite *Vulcan Powder Co. v. Hercules Powder Co.*, 31 Pac. Rep. 581 (Cal. 1892), which held that an agreement between multiple dynamite companies regarding the manufacture and sale of dynamite was void under Section 16600's predecessor, Section 1673); *Strategix, Ltd. v. Infocrossing West, Inc.*, 142 Cal.App.4th 1068 (2006) (holding that nonsolicitation agreement between the buyer and seller of a business, which prohibited seller from soliciting buyer's customers and employees was void under Section 16600); *Greaux v. Mermin*, 223 Cal.App.4th 1242 (2014) (holding that family court abused its discretion in imposing a noncompetition order related to a family business without any geographic restriction on that order)).

[9] The Court notes that plaintiffs do not argue that the land use restrictions at issue here are essentially part of a franchise agreement and therefore subject to Section 16600 under *Scott*. (*See*

*Edwards* "beyond the employment context[.]" *See Quidel Corporation v. Superior Court of San Diego County*, -- Cal.Rpt.3d --, No. D075217, 2019 WL 4071848, *1 (Cal. Ct. App. Aug. 29, 2019).

Additionally, California courts have found similar land use restrictions permissible. In *Doo v. Packwood*, the California Court of Appeal addressed an appeal from judgment following trial which presented the question of whether a restrictive covenant contained within a deed of sale of property was proper and effective. 265 Cal.App.2d 752, 755 (1968). The restriction at issue prohibited use of the property, including any buildings erected thereon and the present structure, from being used for the retail sale of groceries. *Id.* at 753. The prior owners of the property, who were the plaintiffs in the litigation, were partners in the local retail grocery business and had previously used the property at issue to conduct their grocery business. *Id.* at 479. At the time of sale, they were building a larger and more modern market on the same street as the property at issue. *Id.* The court found that it was "apparent from the evidence in the case that the [property owners] intended to protect themselves through the restrictive covenant against competition in the retail grocery business in the neighborhood of the lot which they sold." *Id.* at 480. Nevertheless, the court found that the covenant was proper and enforceable. [10] *Id.*

Finally, plaintiffs' argument that *Boughton* and *Doo* support their assertion that the land use restrictions are for an unlawful purpose and therefore invalid fails. In *Doo*, the court evaluated the restrictions at issue based on the rule against monopoly or other illegal purposes, noting that

---

Salkhi Suppl. 3.) Moreover, the restrictions at issue in *Scott* explicitly limited the "licensee['s] [ability to] compete with the Franchise System." *Scott*, 732 F.Supp. at 1036 n.3.

[10] Plaintiffs' attempt to dispose of *Doo* fails. (Salkhi Opp. & Reply at 7.) First, the argument that *Doo* "is also distinguishable insomuch as that matter does not address Section 16600 whatsoever" seems to underscore the fault in plaintiffs' motion in relying on Section 16600. *See also S.A. Mission Corporation v. BP West Coast Products LLC*, No. C 8-03456-WHA, 2019 WL 95464 (N.D. Cal. Jan. 3, 2019) (relying on *Boughton* to deny the plaintiff's claims of unconscionability with respect to a nearly identical set of restrictions without any discussion of Section 16600). Second, plaintiffs' contention that "it is clear that the restriction in *Packwood* is even more restrictive than the ones contained in Plaintiffs' grant deeds" seems, if anything, to cut against their argument that the restrictions at issue here are problematic, since the court in *Doo* (*Packwood*) found that the more restrictive limitations at issue there were appropriate.

"[i]t has been held that when a person sells his property (real or personal) he can place such restrictions on its use as he sees fit, subject to regulations against monopoly or other illegal purposes." *Id.* (citing *Burdell v. Grandi*, 152 Cal. 376 (1907); *Townsend v. Allen*, 114 Cal.App.2d 291, 294 (1952); *Los Angeles Land & Water Co. v. Kane*, 96 Cal.App. 418, 420 (1929)). The same is true in *Boughton*. *See Boughton*, 231 Cal.App.2d at 191 (quoting *Kane*, 96 Cal.App. at 420 ("It is settled law of California that a condition subsequent prohibiting the carrying on of a particular business upon property conveyed is valid and will be upheld where the question of monopoly is not involved or the purpose of the condition is not unlawful[.]") Plaintiffs argue that the use restrictions at issue here have an unlawful purpose because it violates Section 16600. (*See* Salkhi Opp. & Reply at 15-16; Salkhi Suppl. at 6-8.) This argument fails for the reasons stated above – Section 16600 does not apply to land use restrictions.[11] *See supra*, at 5-7.

Because Section 16600 does not apply to restrictions on land use, like those at issue here, the Court **DENIES** plaintiffs' motion for summary judgment and **GRANTS** defendant's cross-motion for the same.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiffs' motion for summary judgment and **GRANTS** defendant's cross-motion for the same. By no later than **Monday, September 23, 2019**, defendant shall file a proposed form of judgment, approved as to form by plaintiffs.

This Order terminates Docket Numbers 46, 48 and 52.

**IT IS SO ORDERED.**

Dated: September 16, 2019

                                          **YVONNE GONZALEZ ROGERS**
                                          **UNITED STATES DISTRICT COURT JUDGE**

---

[11] Plaintiffs' assertion that in *Boughton* and *Doo* the restrictions were found reasonable because "[a]t the time of each . . . decision, such 'reasonable' or 'narrow' restraints were not unlawful and did not violate 16600 as then interpreted" and that "*Edwards* changed that" essentially reiterates the argument rejected above and ignores the fact that the *Doo* court made no mention of Section 16600.

8